IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>      v.  )<br>  )<br>SHAUN BROWN,  )<br>    Defendant.  )<br>_____ ) | Criminal Case No. 2:17CR169 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on two *pro se* motions filed by Defendant Shaun Brown: (1) a Letter Motion asking for (a) her case to be reassigned to a judge other than the judge who sentenced her, and (b) consideration for compassionate release, filed November 12, 2019 (ECF No. 128) ("Letter Motion"); and (2) a Motion for Compassionate Release under Section 603(b) of the First Step Act, filed August 24, 2020 (ECF No. 132) ("Motion for Compassionate Release").

Brown was convicted on October 30, 2018, following a multi-day jury trial, on Counts 1, 2, 3, and 4 of the Superseding Indictment, as reflected in the Verdict Form (ECF No. 87). She was convicted of conspiracy to commit wire fraud and cause false records, two counts of wire fraud, and theft of government funds. The jury determined that Brown defrauded a federal government program designed to provide meals to low-income children during the summer. At the sentencing hearing on March 19, 2019, Senior United States District Judge Henry C. Morgan granted the defense objection regarding the loss amount, thus reducing the advisory sentencing guideline range from an initial range of 87 to 108 months to a revised range of 46 to 57 months, and then granted a downward variance and sentenced Brown to 36 months of imprisonment. (ECF No. 114 at 32,

36, 76-77.) The Judgment in a Criminal Case was entered on March 19, 2019. (ECF No. 118.) Brown was ordered to self-surrender on March 20, 2019. (ECF Nos. 116, 117.)

According to the Bureau of Prisons ("BOP"), on June 1, 2020, Brown was transferred from prison to home confinement by the BOP. Brown confirms this transfer to home confinement in her Motion for Compassionate Release. (ECF No. 132 at 3.) The transfer was pursuant to 18 U.S.C. § 3624(c)(2) and the BOP's expanded authority under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), which permits the BOP to transfer inmates to home confinement beyond the time frames set forth in § 3642(c)(2).[1] It is anticipated that Brown will complete her sentence on October 7, 2021, at which point she will begin her three-year term of supervised release.

Brown's case was reassigned to the undersigned on November 12, 2020. Accordingly, part (a) of Brown's Letter Motion, requesting that her case be reassigned to a different judge, will be denied as moot. Moreover, part (b) of the Letter Motion and the Motion for Compassionate Release will also be denied as explained herein.

The basis for part (b) of the Letter Motion was Brown's desire to "seek treatment of [her] painful Rheumatoid Arthritis at home." (Letter Motion at 2.) The basis for her Motion for Compassionate Release was that she suffers from rheumatoid arthritis, osteoarthritis, and other

---

[1] Under § 3624(c)(2), the BOP may release an incarcerated defendant to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or six months." The CARES Act permits the BOP to expand these time frames. The Court has no authority under § 3624(c)(2) to direct the BOP to place an incarcerated defendant in home confinement because such decisions are committed solely to the BOP's discretion. *United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that federal courts lack jurisdiction to grant early release to home confinement). Once a court imposes a sentence, "[t]he [BOP] shall designate the place of the prisoner's imprisonment[.]" 18 U.S.C. § 3621(b). *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program . . . [b]ut decisionmaking authority rests with the BOP.") (emphasis in original).

health issues that make her vulnerable to COVID-19, especially in a prison setting, was needed at home to help care for her elderly mother, and desires to seek medical care outside the BOP system. (Motion for Compassionate Release at 4-5.) BOP's transfer of Defendant to home confinement and its efforts to provide her needed medical care have mitigated most of Defendant's concerns. Now that Brown is serving the remainder of her sentence at home, she is able to help care for her mother, and BOP is working with Brown to locate BOP-authorized health care treatment providers for Brown. It seems, therefore, that the relief Brown sought in her Letter Motion and in her Motion for Compassionate Relief has been effectuated for the most part since the BOP (1) transferred Brown from prison to home confinement and (2) is working with her to provide the needed medical care, arguably rendering the motions moot. Nevertheless, the Court has considered the motions.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentence modification. § 3582(c)(1)(A). To that end, § 3553(a) requires courts to consider, among other factors, the nature

and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3353(a)(1)-(2). Additionally, the Sentencing Commission has advised courts to consider whether, based on the factors set forth in 18 U.S.C. § 3142(g), a defendant would present a danger to the safety of any other person or the community if released.[2] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(2).

Ultimately, the Court may reduce a defendant's sentence under § 3582(c)(1)(A) only after (1) that defendant establishes an extraordinary and compelling reason for the reduction, and (2) the Court finds that a reduction in the defendant's sentence would not undermine the relevant § 3553(a) factors or any relevant policy statements issued by the Sentencing Commission.

The Court assumes for purposes of addressing the pending motions in this case that Brown exhausted her administrative remedies, but the Court does not find that "extraordinary and compelling reasons" warrant a reduction in Brown's sentence. Moreover, the Court finds that a reduction in Brown's sentence would undermine the relevant § 3553(a) factors and the relevant policy statements. While Brown has some medical conditions that require evaluation and treatment, those conditions are not so severe as to provide an extraordinary and compelling reason

---

[2] As modified in the context of a compassionate release motion, before releasing a defendant, courts should consider: (1) the nature and circumstances of the offense of conviction, including whether the offense is a crime of violence, a violation of § 1591, a terrorism offense, or an offense involving a minor victim, controlled substance, firearm, explosive or destructive device; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his or her character, physical or mental condition, family and community ties, financial resources, history of substance abuse and criminal history, as well as whether at the time of the instant offense, the defendant was on a period of probation, parole or other form of release; and, (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)-(4).

for a reduction in her sentence. Nor does the Court, in its discretion, find a reduction in sentence to be appropriate under the relevant § 3553(a) factors and policy statements. The Court finds that a reduction in Brown's sentence would undermine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence, given the nature and circumstances of the underlying offense and the history and characteristics of the Defendant. Accordingly, the Letter Motion (ECF No. 128) and the Motion for Compassionate Release (ECF No. 132) will be denied.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Date: January 4, 2021
Richmond, Virginia